
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ALVARADO; ALAN CHILDS; WILLIAM FROGUE; DAVID KEE; ROSS KERSHNER; RAFAEL MARROQUIN; JESSE MEDINA; DAVID MOLINA; FRANK MONTEZ; CARL MORGAN; JESSE NAPOLES; ALFONSO REYES; CARLOS ROMERO; LEOBARDO ZEPEDA, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> PACIFIC MOTOR TRUCKING COMPANY, a Missouri corporation, <br><br> Defendant-Appellee. | No. 14-56823 <br><br> D.C. No. 5:14-cv-00504-DOC-DTB <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 10, 2016
Pasadena, California

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  SCHROEDER and BYBEE, Circuit Judges, and SMITH,[**] Chief District Judge.

Carlos Alvarado, Alan Childs and twelve additional Plaintiffs were all employed as long haul drivers by Defendant, Pacific Motor Trucking Company ("PMTC").  In 2006 and 2007, PMTC instituted an owner-operator program to replace existing trucks.  Under that program, the drivers would purchase the new trucks and become parties to an "Operating Agreement and Equipment Lease" ("the Agreement").  Although Plaintiffs did not see the Agreement until after they had made substantial financial commitments, the Agreement included a comprehensive arbitration clause that required Plaintiffs to follow the same procedures as those contained in the parties' existing Collective Bargaining Agreements.

PMTC cancelled the Agreement approximately two years later, pursuant to a provision authorizing cancellation by either party with thirty days notice.  Plaintiffs now appeal the district court's judgment dismissing their action for fraud and breach of contract.  The district court ruled that under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, the arbitration clause was valid and enforceable. The court also denied Plaintiffs' motion to alter or amend the judgment.

---

[**]     The Honorable William E. Smith, Chief United States Judge for the District of Rhode Island, sitting by designation.

Plaintiffs on appeal first contend that the entire contract, and by extension the arbitration clause, was unconscionable as a result of fraud in the inducement. Their principle assertion is that the company fraudulently misrepresented the agreement as one that would continue for the long term, when, in fact, PMTC terminated the contract after two years, leaving Plaintiffs in substantial debt. To the extent that fraud in the inducement can indicate unconscionability, however, there must be knowledge at the time the contract was entered into that a material representation was false. *See Brewer v. Missouri Title Loans*, 364 S.W.3d 486, 493 (Mo. 2012); *ITT Commercial Fin. Corp. v. Mid-Atlantic Marine Supply Corp.*, 854 S.W.2d 371, 386 (Mo. 1993). Here, there is no indication that PMTC knew that the arrangement would not be long term. The evidence in this record reflects that the cause of the termination was PMTC losing its largest customer.

The Agreement's nonexclusivity of remedies creates no ambiguity with respect to the arbitration provision. This argument is raised for the first time on appeal and lacks merit.

Plaintiffs also argue that they are exempt from the FAA's mandatory enforcement requirement because they are transportation workers engaged in interstate commerce within the meaning of 9 U.S.C. § l. The FAA exemption applies to "contracts of employment" of interstate transportation workers. The

3

Agreement was not a contract of employment. The Agreement established the terms governing PMTC's use of the trucks, not the terms of Plaintiffs' employment. The terms and conditions of employment were contained in the parties' Collective Bargaining Agreements. The Agreement contains some provisions, including the arbitration provision, that are consistent with terms in the Collective Bargaining Agreements. Such terms do not, however, transform the Agreement into a contract of employment.

PMTC's motions to strike portions of the excerpts of record and opening brief are denied.

The district court's judgment is **AFFIRMED**.